# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ROSS E. PATTERSON, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-09-CV-1-XR |
| § | |
| CELADON TRUCKING SERVICES, INC., § | |
| d/b/a/ CELADON GROUP, INC., § | |
| § | |
| *Defendant*. § | |

## ORDER ON COSTS

On this day the Court considered Plaintiff's Motion to Retax Costs (Docket Entry No. 26). Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

### Background and Procedural History

Defendant Celadon Trucking Services, Inc. d/b/a Celadon Group Inc. was the prevailing party on summary judgment. The Court granted summary judgment for Defendant regarding Plaintiff Ross E. Patterson's claims for disability discrimination.[1] Defendant timely submitted a bill of costs,[2] which the Clerk taxed in the amount of $2,504.53.[3] Plaintiff timely moved for the Court to retax costs.[4]

### Legal Standard

Federal Rule of Civil Procedure 54(d) provides that costs "should be allowed to the

---

[1] Order on Mot. for Summ. J., Feb. 4, 2010 (Docket Entry No. 22).

[2] Bill of Costs, Feb. 8, 2010 (Docket Entry No. 24).

[3] Clerk's Mem. on Taxation of Costs, Mar. 29, 2010 (Docket Entry No. 25).

[4] Mot. to Retax Costs, Apr. 2, 2010 (Docket Entry No. 26).

prevailing party." FED. R. CIV. P. 54(d). The Court may review the Clerk's action upon a motion served within seven days from the day the Clerk taxed costs. *Id.* There is a strong presumption that a prevailing party will receive costs. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir.), *cert. denied*, -- U.S. ----, 127 S.Ct. 299, 166 L.Ed.2d 154 (2006). A court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).[5]

Section 1920 of Title 28 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Id.* Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and

---

[5]Although the Fifth Circuit has not explicitly adopted factors that would justify a good reason to deny costs, the Court of Appeals noted that courts in other circuits have denied costs for the following reasons: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir.) (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668, at 234 (1998)), *cert. denied*, -- U.S. ---, 127 S.Ct. 299, 166 L.Ed.2d 154 (2006). The Court specifically stated: "These reasons are enumerated only for the purpose of exposition. We do not decide whether any of these is a sufficient reason to deny costs." *Id.* at 794 n.8.

      witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

  A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

## Analysis

Celadon Trucking, the prevailing party in this action, sought $2,504.53 as costs. Plaintiff moves the Court to retax the costs assessed against Patterson but presents no specific objection to the amounts sought by Defendant. Patterson challenges the assessment of costs, arguing (1) that the assessment of costs to a prevailing defendant is the exception and not the rule in a civil rights case and (2) that Plaintiff is an unemployed individual facing economic hardship and the Court can consider this fact in assessing costs.

Plaintiff cites *Hughes v. Rowe*, 449 U.S. 5, 14–15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), and *Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos*, 38 F.3d 615, 618 (1st Cir. 1994), for the proposition that a prevailing defendant in a civil rights case is entitled to costs only if he can established that the case was unfounded, frivolous, or otherwise actionable. Neither of these cases discuss the assessment of costs; the cases involve attorney fees.[6] Discrimination claims do not alter

---

[6]In *Thomas v. Trico Products, Corp.*, the District Court of the Southern District of Texas rejected a similar argument, stating, "it appears that Plaintiff has confused the meaning of 'fees' with the meaning of 'costs.' Plaintiff's cited authorities for his arguments discuss the propriety of taxing

the general rule that costs are awarded to the prevailing party.[7] *Washington v. Patlis*, 916 F.2d 1036, 1040 (5th Cir. 1990) ("Title VII does not make an exception to the general rule that federal courts may award costs to the prevailing party under Rule 54(d).").

Regarding Plaintiff's financial status, Plaintiff has provided no Fifth Circuit authority to support his argument that the Court can consider a party's financial status in assessing costs. Moreover, Plaintiff provides no affidavit or evidence to support his claim that he suffers financial hardship. In any case, Patterson did not proceed in this case *in forma pauperis* and even that status would not excuse an assessment of costs.[8] While the Court is sympathetic to the Plaintiff's financial situation, Plaintiff has failed to present the Court with a sufficient basis for deviating from the presumption that the prevailing party be awarded costs.

The Court will, however, review each of the costs to ensure that they are authorized under the statute. Defendants seek $350 for filing/removal fees, which are allowed as fees of the clerk under section 1920.

---

a prevailing defendant's attorney's fees upon an unsuccessful civil rights plaintiff." *Thomas v. Trico Prods., Corp.*, No. B-05-174, 2007 WL 922237, at *2 (S.D. Tex. Mar. 22, 2007).

[7]Moreover, courts have routinely awarded costs to a prevailing defendant in discrimination cases. *See, e.g., Thomas*, 2007 WL 922237 (awarding costs in favor of prevailing defendants following summary judgment on plaintiff's claim for employment discrimination); *Savage v. City of San Antonio*, No. SA-99-CA-589-NN, 2002 WL 31375508 (W.D. Tex. Sept. 12, 2002) (assessing costs in favor of prevailing defendant following trial on plaintiff's claim for gender discrimination).

[8]*In forma pauperis* status would not excuse the assessment of costs. Allowing indigent parties to avoid court costs based on nothing other than their indigent status appears to contravene Congress's intent in stating that judgment may be rendered for costs at the conclusion of an proceeding brought *in forma pauperis* "as in other proceedings." 28 U.S.C. § 1915(f)(1); *see also Calton v. City of Garland*, 170 Fed. Appx. 338 (5th Cir. 2006). Section 1915 of Title 28 allows a plaintiff to proceed with a suit without paying costs up front, but an *in forma pauperis* plaintiff may ultimately be liable for costs if his claim falls short. *See Washington v. Patlis*, 916 F.2d 1036, 1039 (5th Cir. 1990).

Defendant seeks $1,671.53 in "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." This amount is for the deposition of Plaintiff Ross E. Patterson, witnesses Melodie Gill, Thomas Spolyar, and Thomas Burgess. Therefore, this cost is allowed.

Defendant also seeks $80.00 in witness fees for Melodie Gill and Thomas Spolyer.[9] The $40.00 witness fees for Gill and Spolyer each are allowed under 28 U.S.C. § 1821.

Defendant seeks $403.00 for "other costs." Defendants have itemized the costs as medical records and employment records. While itemized, the Court is unable to determine the number of pages obtained, the cost per page, or whether any service fee was included in obtaining the records.[10] As a result, the Court cannot award costs for these records.

## Conclusion

Plaintiff's motion to retax costs is GRANTED IN PART AND DENIED IN PART. The Clerk is ORDERED to tax costs in favor of Defendant and against Plaintiff as follows: (1) fees of the clerk in the amount of $350.00; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $1,671.53; (3) fees for witness in the amount of $80.00 for a total of $2,101.53.

---

[9]Defendant incorrectly listed this amount as "fees for service of summons and subpoena."

[10]The Court has awarded costs for records in previous cases, but only after assessing the copy rate. *See, e.g., Canion v. United States*, No. EP-03-CA-0347-FM, 2005 WL 2216881, at *4 (W.D. Tex. Sept. 9, 2005) (deeming $0.25 per page rate reasonable).

It is so ORDERED.

SIGNED this 7th day of April, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE